IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO.   21-cr-00421-CMA

UNITED STATES OF AMERICA,

        Plaintiff,

v.

JOE THOMPSON,

        Defendant.

---

## UNOPPOSED MOTION TO EXCLUDE 60 DAYS
## FROM THE REQUIREMENTS OF THE SPEEDY TRIAL ACT

---

Mr. Joe Thompson, by and through undersigned counsel, hereby moves this Court for an Order excluding sixty days from the Speedy Trial Act computations and setting new motions filing deadlines and trial dates accordingly.  The government does not oppose this Motion.  In support thereof, Mr. Thompson states as follows:

### PROCEDURAL HISTORY

1.     On December 15, 2021, Mr. Thompson was indicted on an alleged violation of 18 U.S.C. § 922(g)(1) (possession of a firearm and ammunition by a prohibited person), with an offense date of November 10, 2021.  ECF No. 1.

2.     On December 21, 2021, Mr. Thompson was arrested on the indictment and made his initial appearance before Magistrate Judge Scott T. Varholak. ECF Nos. 5, 12.  On December 27, 2021, Mr. Thompson was arraigned on the charge, entered a plea of not guilty, and was detained pursuant to the Order of Magistrate

Judge Varholak.  ECF Nos. 9, 11.  Mr. Thompson remains in custody at the Douglas County Detention Center located in Castle Rock, Colorado.

3.     On December 29, 2021, this Court set a pretrial motions deadline of January 17, 2022, and scheduled a trial preparation conference for February 15, 2022, and a five-day jury trial to begin on February 28, 2022.  ECF No. 13.

4.     On December 29, 2021, undersigned counsel received an initial discovery disclosure from the government.  This production included over three hundred pages of police reports and other investigative materials, as well as numerous additional audio and video files including various surveillance camera videos, recorded police interviews, and body-worn-camera footage.  On January 5, 2022, counsel received a supplemental discovery disclosure from the government that included, among other items, a full forensic download of the contents of Mr. Thompson's cell phone.  Counsel has made a preliminary review of the majority of these materials and has begun to discuss their contents with Mr. Thompson. However, the facility where Mr. Thompson is detained does not currently allow attorney-client contact visits due to the pandemic which has hampered counsel's ability to review the discovery material with him and to meaningfully discuss with him the viability of any pretrial motions arising from either the discovery materials or from independent defense investigation of this case.  Additionally, much of the discovery in this case relates to a separate matter that is currently pending in state court, and counsel needs additional time both to evaluate the impact of that matter on the instant case and to investigate it fully.

5.      Before counsel can advise Mr. Thompson adequately about the advisability of litigating pretrial motions and proceeding to trial, she needs to more closely review and analyze the discovery, discuss it comprehensively with Mr. Thompson, complete necessary investigative follow-up work including interviewing relevant fact witnesses and obtaining records, research both the viability of pretrial motions and various issues that could impact the calculation of sentencing guidelines should Mr. Thompson ultimately be convicted of the charged offense, and prepare for trial.

## LAW REGARDING REQUESTS FOR CONTINUANCES

6.      This Court is authorized under 18 U.S.C. § 3161(h)(7) to exclude from the time limitations set forth in the Speedy Trial Act any delay for which the ends of justice served by the delay outweigh the best interest of the public and the defendant in a speedy trial. One factor for the Court to consider in granting this delay is "[w]hether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice." 18 U.S.C. § 3161(h)(7)(B)(i). An additional factor, set forth in 18 U.S.C. § 3161(h)(7)(B)(iv), is whether failure to grant such a continuance "would deny counsel for the defendant . . . the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." In evaluating a request for an ends of justice continuance, "the record must clearly establish the district court considered the proper factors at the time such a continuance was granted." *United States v. Toombs*, 574 F.3d 1262, 1269 (10th Cir. 2009) (quoting *United States v. Gonzales*, 137

F.3d 1431, 1433 (10th Cir. 1998)). The record must contain an explanation for why the occurrence of the event identified by the moving party as necessitating the continuance results in the need for additional time. *See id.* at 1271. Simply stating the event followed by a conclusory statement that the event necessitates further time does not satisfy the requirements of the Speedy Trial Act. *See id.* at 1271-72.

7.     In *United States v. West*, 828 F.2d 1468, 1470 (10th Cir. 1987), the Tenth Circuit set forth four factors a court should consider when evaluating if a continuance should be granted: (1) the diligence of the party requesting the continuance, (2) the likelihood that the continuance, if granted, would accomplish the purpose underlying the request for continuance, (3) the inconvenience to the opposing party, its witnesses, and the court resulting from the continuance, and (4) the need asserted for the continuance and the harm that could be suffered as a result of the court's denial of the continuance.

## **ARGUMENT**

8.     Defense counsel's request for a continuance in this case satisfies the criteria set forth in 18 U.S.C. § 3161(h)(7).

9.     The ends of justice served by this requested delay outweigh the interest of the public and the defendant in a speedy trial. Proceeding within the current time requirements would deny counsel for Mr. Thompson the reasonable time necessary for effective preparation. While counsel has received and made a preliminary review of the initial discovery provided by the government, she needs to complete a more thorough review of the materials, discuss them with Mr. Thompson, and complete

several investigative follow-up tasks, including interviewing relevant witnesses and obtaining various medical and court records, before filing pre-trial motions. Only after that review and investigation are complete can counsel fully analyze the case, appropriately advise Mr. Thompson about his options, and prepare for motions and trial.

10.     Defense counsel's request for a continuance in this case also satisfies the factors set forth in *United States v. West*.

11.     First, counsel has been diligent in her review of the discovery and in the timeliness of this request. Defense counsel has made a preliminary review of the majority of the discovery provided thus far and begun to discuss the discovery she has received with Mr. Thompson. She has also begun to explain the process of a federal criminal case to him: because Mr. Thompson has not previously been charged with an offense in federal court, counsel must take the time necessary to explain to him the federal criminal trial, plea and sentencing processes, federal statutory schemes, and the federal sentencing guidelines. Defense counsel has also shown diligence in this request by making it well before the expiration of the speedy trial clock and prior to the motions filing deadline of January 17, 2022.

12.     Second, it is very likely that this continuance would accomplish the underlying purpose of this request. Excluding 60 days from the requirements of the Speedy Trial Act will allow defense counsel the time to fully review the discovery, discuss it more fully with Mr. Thompson and evaluate that discovery for potential pre-trial motions issues and the need for further investigation. This type of thorough

evaluation and investigation is necessary to adequately advise Mr. Thompson about his options and any potential strategies for his defense. This 60-day continuance would allow defense counsel time to review all discovery, complete her investigation, and fully advise Mr. Thompson of his options with respect to further proceedings in this case, all of which are necessary to providing the defendant with full and effective assistance of counsel.

13.     Third, this request will not inconvenience the opposing party or its witnesses.  Undersigned counsel has consulted with Assistant U.S. Attorney Celeste Rangel who indicated that she does not oppose this motion. Nor are there any known issues with witness availability or scheduling.

14.     The final *West* factor is the need asserted for the continuance and the harm that the defendant might suffer as a result of a denial.  Counsel has consulted with Mr. Thompson who has no objection to the instant motion and, indeed, is in favor of his counsel taking the time necessary to represent him effectively. The need for the continuance is described throughout this motion. Without the requested continuance the defense will be unable to adequately prepare the case, conduct a complete investigation, or file appropriate motions (if necessary). Without the exclusion of a period of time from the speedy trial calculations, defense counsel will be unable to provide effective assistance of counsel and the defendant's right to be effectively represented in these proceedings will be seriously damaged.

## **CONCLUSION**

Wherefore, Mr. Joe Thompson, through his counsel, respectfully requests this Court for an Order excluding 60 days from the Speedy Trial Act computations, as authorized by 18 U.S.C. § 3161(h)(7).

Respectfully submitted,

VIRGINIA L. GRADY
Federal Public Defender


s/ Stephanie Snyder
STEPHANIE SNYDER
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone: (303) 294-7002
FAX: (303) 294-1192
Stephanie_Snyder@fd.org
Attorney for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on January 12, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following e-mail addresses:

Celeste Rangel, Assistant United States Attorney
Email: Celeste.Rangel @usdoj.gov

and I hereby certify that I have mailed or served the document or paper to the following non-CM/ECF participant in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

Joe Thompson (via U.S. Mail)

s/ Stephanie Snyder
STEPHANIE SNYDER
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone: (303) 294-7002
FAX: (303) 294-1192
Stephanie_Snyder@fd.org
Attorney for Defendant