IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 21-cr-421-CMA

UNITED STATES OF AMERICA,

        Plaintiff,

v.

1.    **Joe Thompson**

        Defendant.

---

### DEFENDANT'S PLEA OF GUILTY AND STATEMENT OF FACTS RELEVANT TO SENTENCING (WITHOUT PLEA AGREEMENT)

---

Defendant, Joe Thompson, personally and by counsel, AFPD Stephanie Snyder, submits this Plea of Guilty and Statement of Facts Relevant to Sentencing:

### I. PLEA OF GUILTY

The Defendant intends to plead guilty to the Indictment which charges him with a violation of 18 U.S.C. § 922(g)(1), **without a plea agreement**.

### II. ELEMENTS OF THE OFFENSE

Mr. Thompson submits that the elements of 18 U.S.C. § 922(g)(1) are as follows:

*First*: That he knowingly possessed a firearm or ammunition.

*Second*: That he had been convicted of a felony, that is, a crime punishable by imprisonment for a term exceeding one year, before he possessed the firearm or ammunition.



COURT EXHIBIT
1
21-cr-00421

*Third*: That at the time he possessed the firearm or ammunition, he knew that he had been convicted of such an offense.

*Fourth*: Before he possessed the firearm or ammunition, the firearm or ammunition had moved at some time from one state to another.

**The United States advises that it agrees.**

### III. STATUTORY PENALTIES

The maximum statutory penalty for a violation of 18 U.S.C. § 922(g)(1) is not more than 10 years imprisonment; not more than a $250,000 fine, or both; not more than 3 years of supervised release; and a $100 special assessment fee.

A violation of the conditions of probation or supervised release may result in a separate prison sentence and additional supervision.

**The United States advises that it agrees.**

### IV. COLLATERAL CONSEQUENCES

The conviction may cause the loss of civil rights, including but not limited to the rights to possess firearms, vote, hold elected office, and sit on a jury.

### V. FACTUAL BASIS TO SUPPORT THE PLEA OF GUILTY

Mr. Thompson admits the following:

On the morning of November 10, 2021, Mr. Thompson was taken into custody on an outstanding arrest warrant by officers with the Denver Police Department shortly after he had parked his sister's silver Kia sedan. The car was impounded and secured by police. On

2

November 12, 2021, Denver police officers executed a search warrant on the car and located a backpack containing, among other items, a .40 caliber Smith and Wesson pistol, serial number HFV3956, with twelve rounds of ammunition in the SMS/JT magazine and one additional round in the chamber. Analysts with the Denver Crime Laboratory's Latent Print Unit later identified a fingerprint on the pistol as having been left by Mr. Thompson. SMS/JT

Before November 10, 2021, the firearm and ammunition had crossed state lines. Also before that date, Mr. Thompson had been convicted of a felony offense, and knew that he had been convicted of such an offense.

**The United States advises that it agrees.**

## VI. SENTENCING COMPUTATION

Defendant understands that sentencing is determined pursuant to 18 U.S.C. § 3553(a). In determining the particular sentence to be imposed, the Court is required to consider seven factors. One of those factors is the sentencing range computed by the Court under advisory guidelines issued by the United States Sentencing Commission. In order to aid the Court in this regard, defendant sets forth below his/her estimate of the advisory guideline range called for by the United States Sentencing Guidelines.

Defendant estimates the advisory guidelines apply as follows:

A. The applicable guideline is § 2K2.1(a)(6), with a base offense level of 14.[1]

---

[1] According to criminal history information provided by the United States Probation Office, Mr. Thompson was convicted in Denver of attempted second degree assault 2013 and of second degree assault in Larimer County in 2016. Counsel anticipates that the issue of whether these prior convictions should be deemed crimes of violence will be a contested issue at sentencing. Should the Court ultimately determine that both offenses are countable, Mr. Thompson's base offense level would be 24 pursuant to USSG §2K2.1(a)(2).

3

B. Mr. Thompson should receive a 2-level adjustment for acceptance of responsibility under U.S.S.G. §3E1.1.[2]

C. The adjusted offense level would be 12.

D. Defendant's criminal history category is estimated as Category V.

E. Assuming the accuracy of the criminal history estimate, the Career Offender guideline and the Armed Career Criminal statute do not apply.

F. The advisory guideline range of imprisonment resulting from an offense level of **12** and a criminal history category of **V** is **27 to 33** months. In order to be as accurate as possible, with the criminal history category undetermined at this time, the range could conceivably extend from as low as 10 months (bottom of Category I) to as high as 37 months (top of Category VI).

G. Pursuant to guideline § 5E1.2, the fine range for this offense would be $5,500 to $55,000, plus applicable interest and penalties.

H. Pursuant to guideline § 5D1.2, if the Court imposes a term of supervised release, the guideline range for that term is at least one year but not more than three years.

**The United States advises that it disagrees as to the above-base offense level and lack of application of specific offense characteristics. The United States can advise that unless the defendant engages in conduct inconsistent with acceptance of responsibility, the government anticipates filing for an additional one-level reduction for acceptance of responsibility.**

---

[2] Should the Court find that Mr. Thompson's prior convictions result in a higher base offense level, he would be eligible for an additional one-level reduction should the government file a motion pursuant to USSG §3E1.1(b).

Mr. Thompson understands that although the Court will consider the above estimate, the Court must make its own determination of the guideline range. In doing so, the Court is not bound by any estimate calculated herein, regardless of whether agreed to by the government.

No estimate regarding the guideline range precludes defendant or the government from asking the Court, within the overall context of the guidelines, to depart from the guideline range at sentencing if defendant or the government believes a departure is specifically authorized by the guidelines or that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the United States Sentencing Commission in formulating the advisory guidelines. Similarly, no estimate regarding the guideline range precludes Mr. Thompson or the government from asking the Court to vary from the advisory guidelines and to impose a non-guideline sentence based on other 18 U.S.C. § 3553 factors.

Mr. Thompson understands the Court is free, upon consideration and proper application of all 18 U.S.C. § 3553 factors, to impose a sentence which it deems appropriate in the exercise of its discretion and that such sentence may be less than that called for by the advisory guidelines (in length or form), within the advisory guideline range, or above the advisory guideline range - up to and including imprisonment for the statutory maximum term, regardless of any computation or position of any party.

Date: 4-6-22

_____
Joe Thompson
Defendant

Date: 4/6/22

_____
Stephanie Snyder
Attorney for Defendant

5

**As to matters agreed to by the United States:**

Date: 4/19/22   _____ 43654 for
Celeste Rangel
Assistant U.S. Attorney

6