IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 21-cr-00421-CMA

UNITED STATES OF AMERICA,

 Plaintiff,

 v.

1. JOE THOMPSON,

 Defendant.

---

**OBJECTION TO PRESENTENCE INVESTIGATION REPORT**
_____

  The United States of America, by and through Cole Finegan, United States Attorney for the District of Colorado, and Celeste Rangel, Assistant United States Attorney, hereby respectfully objects to the Presentence Investigation Report ("PSIR") [ECF #30].

  The government objects to probation's calculation of the base offense level in this case. Probation calculates the base offense level as 20, pursuant to U.S.S.G. § 2K2.1(a)(4)(A). *See* PSIR, p.5, ¶18. In reaching this base offense level, probation concludes that the defendant possessed the firearm and ammunition in this case after sustaining one felony conviction of a crime of violence, specifically his Second Degree Assault conviction in Larimer County District Court case 16CR1037. *Id.* at ¶19.

  The defendant possessed the firearm and ammunition of conviction after sustaining two felony convictions of crimes of violence and the proper base offense level is 24 pursuant to § 2K2.1(a)(2). The defendant's prior felony conviction for Attempted Second Degree Assault-Drugging in Denver County District Court case 13CR147

constitutes a crime of violence.

## The base level of the offense is 24 pursuant to § 2K2.1(a)(2)

Section 2K2.1 does not define crime of violence in its text. It instead leaves that task to its commentary. The commentary in turn cross references § 4B1.2(a) and that provision's commentary. *See* § 2K2.1, app. n.1 ("'Crime of violence' has the meaning given that term in § 4B1.2(a) and Application Note 1 of the Commentary to § 4B1.2."). The text of § 4B1.2(a) provides:

(a) The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—

   (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or

   (2) is murder… aggravated assault… or the use or unlawful possession of a firearm described in 26 U.S.C. § 5845(a) or explosive material as defined in 18 U.S.C. § 841(c).

In comparison, the Colorado Second Degree Assault - Drugging statute indicates the following;

> A person commits the crime of assault in the second degree if… (e) For a purpose other than lawful medical or therapeutic treatment, he intentionally causes stupor, unconsciousness, or other physical or mental impairment or injury to another person by administering is consent, a drug, substance, or preparation capable of producing the intended harm. Colo. Rev. Stat. 18-3-203(1)(e).

Based upon this, the defendant's second-degree assault conviction is a crime of violence because it is a felony offense, and involves the use or threat of physical force provided in the text of § 4B1.2(a).[1]

---

[1] It should be noted that Colorado Second Degree Assault in violation of Colo. Rev. Stat. 18-3-203(1)(e), was determined not to be a crime of violence for purposes of § 2K2.1 in *United States v. Rodriguez-*

<u>1. The second-degree assault conviction is a felony conviction</u>

A felony conviction is "a prior adult federal or state conviction for an offense punishable by death or imprisonment for a term exceeding one year, regardless of whether such offense is specifically designated as a felony and regardless of the actual sentence imposed." § 2K2.1, app. n.1.  An "adult conviction" is "[a] conviction for an offense committed at age eighteen or older." *Id.*

The defendant was convicted of Attempted Second Degree Assault - Drugging when he was nineteen years old.  And under Colorado state law, Second Degree Assault - Drugging is a Class 4 felony[2], which is punishable by a term of imprisonment exceeding one year. Colo. Rev. Stat. § 18-1.3-401.  Thus, the offense is considered a felony for the purposes of § 2K2.1.

<u>2. Colorado second-degree assault includes the use or threat of violent physical force</u>

The next step in the analysis is whether the defendant's conviction satisfies the force clause. For this, a two-step inquiry is conducted. First, it must be determined whether the statute of conviction has as an element involving the use or the attempted use of physical force, and second, it must be determined whether the force rises to the level of violent force. Here, his Attempted Second Degree Assault - Drugging conviction meets both requirements.

*(a) Second-degree assault has an element of physical force*

In the Supreme Court case *United States v. Castleman*, 572 U.S. 157, 159 (2015),

---

*Enriquez*, 518 F.3d 1191 (10th Cir. 2008). But that decision was overturned in *United States v. Ontiveros*, 875 F.3d 533 (10th Cir. 2017).

[2] Because the defendant had the benefit of a plea to a lesser charge, Attempted Second Degree Assault – Drugging, the conviction is a Class 5 felony, punishable by a term of imprisonment exceeding one year.

the Court defined "the use of physical force." The Court explained that "the knowing or intentional application of force is a 'use' of force" and that "[i]t is impossible to cause bodily injury without applying force in the common-law sense." *Id.* at 170-71. Whether the harm occurs directly or indirectly makes no difference. *Id.* To illustrate its reasoning, the Court noted that the act of poisoning someone involves the "use of physical force" because "[t]he 'use of force'... is not the act of 'sprinkl[ing]' the poison; it is the act of employing poison knowingly as a device to cause physical harm." *Id.*

The use of force exemplified in the Supreme Court's poisoning scenario is precisely the same use of force present in Colorado's Second Degree Assault - Drugging. Namely, the statute requires an act of employing a substance to intentionally cause physical harm to another. Thus, Colorado's Second Degree Assault - Drugging statute satisfies the first step of the inquiry.

### (b) Second-degree assault involves a level of violent force

But *Castleman* does not end the analysis, because under the Guidelines, physical force also refers to "violent force," meaning "force capable of causing physical pain or injury to another person." *United States v. Harris*, 844 F.3d 1260, 1266 (10th Cir. 2017). Although mere offensive touching such as common-law battery does not suffice as "violent force," "[h]itting, slapping, shoving, grabbing, pinching, biting, [and] hair pulling" does. *See Castleman*, 572 U.S. at 176-82 (Scalia, J., concurring) (internal quotation marks omitted); *Harris*, 844 F.3d at 1266.

Thus, common sense alone dictates that the conduct proscribed by this statute creates the requisite level of force capable of causing of physical injury. By its terms, a person violates this statute if he causes stupor, unconsciousness, physical impairment

4

(or injury), or mental impairment (or injury), and does so by intentionally administering a drug without consent. Each of these actually cause physical injury or create a serious risk of it. Because issuing a drug to a person without consent that causes any or all of the above results, creates a serious risk that a person will be physically injured, whether it be from unconsciousness, stupor, impairment, or simply due to the physical reaction of an unknown chemical substance entering a person's system.

3. Section 4B1.2(a) defines "crime of violence" to include attempted offenses

Section 4B1.2(a) defines "crime of violence" as any felony offense that "has an element the…attempted use…of physical force against the person of another," and Application Note 1 specifically includes attempted offenses. An Application Note in the Guidelines is "authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of that guideline." *Stinson v. United States*, 508 U.S. 36, 38 (1993); *see also United States v. Robertson*, 350 F.3d 1109, 1112 (10th Cir. 2003) ("In interpreting a guideline, we look at the language in the guideline itself, as well as at the 'interpretative and explanatory commentary to the guideline' provided by the Sentencing Commission.") (citing *United States v. Frazier*, 53 F.3d 1105, 1112 (10th Cir. 1995)); 18 U.S.C. § 3553(a)(5).

Accordingly, the defendant's Attempted Second Degree Assault – Drugging conviction constitutes a crime of violence[3].

## Conclusion

---

[3] The Supreme Court's decision in *United States v. Taylor*, No. 20-1459, 596 U.S. ____ (2022), 2022 WL 2203334 (June 21, 2022) has no impact here because Application Note 1 provides that an attempt to commit a crime of violence is a crime of violence.

Therefore, the defendant's Second Degree Assault - Drugging conviction is a felony offense that involves the use of violent physical force, and the base offense level should be 24.

Dated:  June 28, 2022

> Respectfully submitted,
>
> COLE FINEGAN
> United States Attorney
>
> By: *s/Celeste Rangel*
> CELESTE RANGEL
> Assistant United States Attorney
> 1801 California St., Suite 1600
> Denver, Colorado 80202
> Phone: (303) 454-0100
> Fax: (303) 454-0405
> E-mail: celeste.rangel@usdoj.gov
> Attorney for the United States

## CERTIFICATE OF SERVICE

I hereby certify that on June 28, 2022, I electronically filed the foregoing OBJECTION TO PRESENTENCE INVESTIGATION REPORT with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record in this case.

> By: *s/Celeste Rangel*
> Celeste Rangel
> Assistant United States Attorney