IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO.	21-cr-00421-CMA

UNITED STATES OF AMERICA,

        Plaintiff,

v.

JOE THOMPSON,

        Defendant.
_____

**DEFENDANT'S RESPONSE TO GOVERNMENT'S OBJECTION TO PRESENTENCE REPORT**
_____

Joe Thompson, through undersigned counsel, respectfully responds to the Government's Objection to the Presentence Investigation Report, ECF No 32. For the reasons set forth below, the United States Probation Office was correct when it chose not to score Mr. Thompson's conviction for attempted second degree assault-drugging (PSR ¶ 34) as a crime of violence when determining his base offense level pursuant to U.S.S.G. § 2K2.1(a). The Court should therefore overrule the government's objection. In support of his position, Mr. Thompson states as follows:

### ARGUMENT

Attempted second degree assault – drugging – is not a crime of violence because it does not have as an element the use of violent, physical force against the person of another. The government's argument to the contrary fails because the conviction at issue is categorically overbroad in three distinct ways: (1) it does not require the use of "force capable of causing *physical pain* or *injury* to another person"; (2) it does not require the use of physical, concrete force *against the person of another*;

and (3) regardless of what is required for the completed version of the offense, the attempted version does not require the use, attempted use, or threatened use of physical force against the person of another.[1] For preservation purposes, Mr. Thompson also argues that the offense does not qualify as a "crime of violence" because the guidelines commentary note purporting to extend the definition of the term to include attempt offenses is invalid.

### A. Legal Standard

To qualify as a "crime of violence" within the meaning of § 2K2.1(a), an offense must satisfy the definition of the term contained in § 4B1.2(a). *See* U.S.S.G. § 2K2.1, application note 1. Relevant here, the "force clause" or "elements clause" contained in § 4B1.2(a)(1) defines "crime of violence" to include "any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that . . . has as an element the use, attempted use, or threatened use of physical force against the person of another." When assessing whether a particular offense qualifies as a "crime of violence" under this provision, this Court applies the categorical approach. *See United States v. Winder*, 926 F.3d 1251, 1253 (10th Cir. 2019). "That is, [it does] not examine the facts of the prior offense to see whether they fit the guidelines . . . definition," but rather focuses "on the elements of the offense of conviction." *Id.*

---

[1] *United States v. Ontiveros*, 875 F.3d 533 (10th Cir. 2017), concerned a different second degree assault offense with different elements—specifically, the offense at issue in that case occurs when "[a] person . . . , '[w]ith intent to cause bodily injury to another person . . . causes serious bodily injury to that person or another.'" *Id.* at 535 (quoting Colo. Rev. Stat. 203(1)(g)). Because *Ontiveros* addresses a wholly different crime, its holding that Colorado second degree assault is a crime of violence does not control the outcome of this case.

Accordingly, Mr. Thompson's prior conviction for attempted second degree assault by drugging is a "crime of violence" only if, without taking into consideration the facts of the offense, the crime *necessarily* requires "the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. § 4B1.2(a)(1). In this context, force "refers to force exerted by and through concrete bodies" and "requires more than mere offensive touching," but rather "means '*violent* force—that is, force capable of causing physical pain or injury to another person.'" *Winder*, 926 F.3d at 1254 (quoting *Johnson v. United States*, 559 U.S. 133, 138 (2010)).[2]

### B. Colorado second degree assault by drugging is overbroad because it does not require the use of force capable of causing physical pain or injury, but rather only requires force capable of causing stupor, unconsciousness, or mental impairment.

An individual commits Colorado second degree assault by drugging when:

> For a purpose other than lawful medical or therapeutic treatment, he intentionally causes stupor, unconsciousness, or other physical or mental impairment or injury to another person by administering to him, without his consent, a drug, substance, or preparation capable of producing the intended harm.

Colo. Rev. Stat. § 18-3-203(1)(e).

This offense does not qualify as a "crime of violence" because it does not require the use of "force capable of causing *physical pain* or *injury* to another person." *Winder*, 926 F.3d at 1254 (quoting *Johnson*, 559 U.S. at 138) (emphasis added). A physical injury is ordinarily understood to mean "[p]hysical damage to a person's body." Injury,

---

[2] Colorado second degree assault by drugging plainly is not "murder, voluntary manslaughter, kidnapping, aggravated assault, a forcible sex offense, robbery, arson, extortion, or the use or unlawful possession of a firearm . . . or explosive material," and so does not qualify as a "crime of violence" under the enumerated offenses clause contained in § 4B1.2(a)(2) either.

*Black's Law Dictionary* (11th ed. 2019). "Physical" phenomena, moreover, are commonly understood to relate to the body, "as distinguished from the mind or soul or the emotions." *State v. McCoy*, 421 N.W.2d 107, 111 (Wis. 1988) (quoting *Black's Law Dictionary* (4th rev. ed. 1968)). Thus, in *United States v. Burris*, 912 F.3d 376 (2019), the en banc Sixth Circuit held that Ohio assault statutes that could be violated by conduct that caused only *mental* harm did not have as an element the use, attempted use, or threatened use of violent, *physical* force. *See id.* at 399. Likewise, in *United States v. Ross*, No. CR 13-29-BLG-BMM, 2017 WL 1288425 (D. Mont. Apr. 6, 2017), a District of Montana judge held that a Montana family assault offense that could be violated by the causation of "*mental* illness or impairment" did not have as an element the use, attempted use, or threatened use of violent physical force. *Id.* at *4 (emphasis added). Like the Ohio offenses at issue in *Burris* and the Montana offense at issue in *Ross*, Colorado second degree assault by drugging does not require the use of force capable of causing such *physical* pain or injury. Instead, the offense requires only conduct capable of causing "stupor, unconsciousness, or other . . . mental impairment." Colo. Rev. Stat. § 18-3-203(1)(e). Because the offense can thus be committed without the exercise of force capable of causing *physical* pain or injury, it does not categorically qualify as a "crime of violence."

    **C. Colorado second degree assault by drugging is overbroad because it does not require the defendant to use, attempt to use, or threaten to use physical force *against the person of another*.**

Colorado degree assault by drugging is not a "crime of violence" for another reason: it does not require an individual to use physical, concrete force *against the person of another*. Rather, it requires only the nonconsensual administration of "a drug, substance, or reparation capable" of causing "stupor, unconsciousness," or "mental

- 4 -

impairment." Colo. Rev. Stat. § 18-3-203(1)(e). An individual could, for example, violate the plain language of the statute by surreptitiously spiking the punch bowl at a high school dance, without exercising concrete, physical force against anything other than his hip flask and the punch bowl. Because the statute can thus be violated without the use of physical force—*i.e.*, "force exerted by and through concrete bodies"—against the *person* of another at all, *Johnson*, 559 U.S. at 138, it is not a "crime of violence" for purposes of the sentencing guidelines.

Although the Tenth Circuit concluded that the exertion of concrete, physical force *against the person of another* is not required to satisfy the force clause in *United States v. Ontiveros*, 875 F.3d 533 (10th Cir. 2017), that decision was wrong and has been abrogated by the Supreme Court in *United States v. Borden*, 141 S. Ct. 1817 (2021). In *Ontiveros*, the Tenth Circuit relied on the Supreme Court's decision in *United States v. Castleman*, 572 U.S. 157 (2014), to conclude that the causation of physical injury necessarily entails the use of physical force within the meaning of the guidelines. *See Ontiveros*, 875 F.3d at 537. But *Castleman* involved a different statutory provision using different language—specifically, that decision interpreted the "misdemeanor crime of domestic violence" provision contained in 18 U.S.C. § 922(g)(9). Critically, unlike the guideline provision at issue here, § 922(g)(9) requires only that the offense require "the use or attempted use of physical force"—and does *not* require that the relevant "use of physical force" to be "against the person of another." *Compare* 18 U.S.C.§§ 922(g)(9), 921(a)(33)(A), *with* U.S.S.G. § 4B1.2(a)(1). As the Supreme Court subsequently emphasized in *Borden*, this "against the person of another" provision is not mere "window dressing" that may be ignored in order to extend the "logic" of § 922(g)(9) to

other legal contexts.141 S. Ct. at 1833. On the contrary, as in *Borden*, this "difference in text yield[s] a difference in meaning." *Id.* A "misdemeanor crime of domestic violence" under § 922(g)(9) need not involve the use of force against the person of another because the language of the statute does not require it; however, a "crime of violence" under § 4B1.2(a)(1) *must* involve the use of force "against the person of another" because the language of the guideline *does* explicitly require it. Because second degree assault by drugging does *not* require the use of physical force "against the person of another," it is not a "crime of violence" under § 4B1.2(a)(1).

### D. Colorado *attempted* second degree assault by drugging is overbroad because it does not categorically require the use, attempted, use or threatened use of physical force.

Finally, and regardless of what this Court concludes with respect to the completed form of the crime, Colorado *attempted* second degree assault by drugging is not a "crime of violence" because it does not categorically require the use, attempted use, or threatened use of physical force. Again, Colorado second degree assault by drugging requires proof that the defendant improperly and "intentionally causes stupor, unconsciousness, or other physical or mental impairment or injury to another person by administering to him, without his consent, a drug, substance, or preparation capable of producing the intended harm." Colo. Rev. Stat. § 18-3-203(1)(e). From this, it follows that *attempted* second degree assault by drugging requires proof that the defendant: (1) intended to cause stupor, unconsciousness, or physical or mental impairment or injury to another person; and (2) took a "substantial step"—including preparatory steps—"strongly corroborative of the firmness of [his] purpose" to do so. Colo. Rev. Stat. 18-2-101(1).

Whatever is required in order to secure a conviction for *completed* second degree assault by drugging, it is plain that *attempted* second degree assault by drugging does not satisfy the elements clause. "Yes, to secure a conviction the government must show an intention to [induce stupor, unconsciousness, or physical or mental impairment or injury to another person], along with a substantial step toward achieving that object." *United States v. Taylor*, ---S. Ct. ---, 2022 WL 2203334, at *4 (2022) (holding that attempted Hobbs Act robbery is not a "crime of violence" under the elements clause contained in 18 U.S.C. § 924(c)). "But an intention is just that, no more." *Id.* In other words, a defendant is not required to use, attempt to use, or threaten to use physical force against the person of another in order to demonstrate the firmness of his intent to commit second degree assault by drugging. A defendant could, for example, be convicted of attempted second degree assault by drugging if he were apprehended after acquiring an illicit substance and taking steps demonstrating the firmness of his intent to induce stupor, unconsciousness, or other physical or mental impairment upon his victim, such as reconnoitering the victim's home. *Cf. People v. Lehnert*, 163 P.3d 1111, 1115-16 (Colo. 2007) (finding sufficient evidence to support conviction for attempted first degree murder, where the defendant had acquired most of the materials necessary to make a bomb, gathered personal information about an intended victim, and reconnoitered his house, but not completed the bomb or attempted to use it upon the intended victim). Under those circumstances, however, he would not have engaged in the use, attempted use, or threatened use of physical force against the person of another. Because the offense of *attempted* second degree assault by drugging thus does not require the use, attempted use, or threatened use of physical

- 7 -

force against the person of another, it is not a "crime of violence" within the meaning of § 4B1.2(a)(1).

### E. For preservation purposes, Mr. Thompson asserts that application note 1 to § 4B1.2 improperly expands the scope of the guideline to reach attempt offenses.

This argument is foreclosed by *United States v. Martinez*, 602 F.3d 1166 (10th Cir. 2010), and is being made for preservation purposes only.

Section 4B1.2(a) unambiguously defines the term "crime of violence" without reference to attempt liability at all. However, application note 1 in the commentary of the guideline purports to expand the definition of "crime of violence" to include "the offenses of . . . attempted to commit such offenses." Because the language of the guidelines unambiguously does not include attempt liability, the Sentencing Commission could not validly use the commentary to expand the meaning of "crime of violence" and increase Mr. Thompson's advisory guidelines range. *See United States v. Havis*, 927 F.3d 382, 386-87 (6th Cir. 2019) (*en banc*). Under these circumstances, "[t]he Commission's use of commentary to add attempt crimes to the definition of ['crime of violence'] deserves no deference." *Id.* at 387. Instead, the text of the guideline controls, "and it makes clear that attempt crimes do not qualify as [crimes of violence]." *Id.*

For all of the foregoing reasons, the Court should decline to find that Mr. Thompson's 2013 conviction for attempted second degree assault-drugging in Denver County District Court, 2013CR147, is a crime of violence. The United States Probation Office, applying the rule of lenity (ECF No. 35 at A-1), did not count this offense as a crime of violence, and this Court should similarly decline to do so.

WHEREFORE, Mr. Thompson respectfully requests that the Court overrule the Government's Objection to the Presentence Investigation Report, ECF No. 32.

>Respectfully submitted,
>
>VIRGINIA L. GRADY
>Federal Public Defender
>
>s/ Stephanie Snyder
>Stephanie Snyder
>Assistant Federal Public Defender
>633 17th Street, Suite 1000
>Denver, CO  80202
>Telephone: (303) 294-7002
>FAX: (303) 294-1192
>Stephanie.Snyder@fd.org
>Attorney for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on July 5, 2022, I electronically filed the foregoing **DEFENDANT'S RESPONSE TO GOVERNMENT'S OBJECTION TO PRESENTENCE REPORT** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following e-mail addresses:

    Celeste Rangel, Assistant United States Attorney
    Email: Celeste.Rangel @usdoj.gov

and I hereby certify that I have mailed or served the document or paper to the following non-CM/ECF participant in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

    Joe Thompson (via U.S. Mail)

    s/ Stephanie Snyder
    STEPHANIE SNYDER
    Assistant Federal Public Defender
    633 17th Street, Suite 1000
    Denver, CO  80202
    Telephone: (303) 294-7002
    FAX: (303) 294-1192
    Stephanie_Snyder@fd.org
    Attorney for Defendant